UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                       :
PHIPPS HOUSES SERVICES, INC.,         :
                                                       :
                               Plaintiff,   :
                                                       :           12 Civ. 3551 (JPO)
                        -against-              :
                                                       :         MEMORANDUM AND
NEW YORK PRESBYTERIAN HOSPITAL, as   :                ORDER
Successor to The Presbyterian Hospital in the City  :
of New York, ROYAL CHARTER PROPERTIES, :
INC. and ROYAL CHARTER PROPERTIES     :
EAST, INC.,                                        :
                                                        :
                                    Defendants.  :
                                                        :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       On January 23, 2013, this Court denied the motion of Plaintiff Phipps Houses Services, Inc. ("PHSI" or "Plaintiff") to remand this action to state court, pursuant to 28 U.S.C. § 1441(a). *Phipps Houses Servs., Inc. v. New York Presbyterian Hosp.*, No. 12 Civ. 3551 (JPO), 2013 WL 311127 (S.D.N.Y. Jan. 23, 2013). The Court based its decision in part upon a determination that Plaintiff brought its claim against New York–Presbyterian Hospital ("NYPH"), Royal Charter Properties, Inc. ("RCP"), and Royal Charter Properties East, Inc. ("RCP East") (collectively, "Defendants") as a fiduciary under Employee Retirement Income Security Act of 1974 ("ERISA").

       On January 28, 2013, Plaintiff moved for reconsideration. (Dkt. No. 25.) Plaintiff argues that the Court erred in holding that PHSI brought this action in its capacity as a fiduciary. More specifically, Plaintiff contends that the "funding by PHSI will occur regardless of whether or not PHSI prevails on its state law contract claim." (Dkt. No. 26 ("Pl.'s Mem.") at 4.) In other

words, PHSI would have it that, in filing this action, it was "acting solely to protect its economic interest," and not as a fiduciary. (*Id.*) Having reviewed the applicable law as well as the facts in this case, the Court agrees that PHSI did not bring this suit in its fiduciary capacity. Accordingly, Plaintiff's motion for reconsideration is granted, and this action is remanded to state court.

I.  Discussion

Familiarity with the background of this case, as set forth in this Court's prior opinion, is assumed.

Pursuant to 28 U.S.C. § 1441(a), defendant may remove from state court to federal court "any civil action . . . of which the district courts of the United States have original jurisdiction." While in most cases, a defense that plaintiff's claims are preempted by federal law will not confer federal question jurisdiction, "[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed to federal court." *Arditi v. Lighthouse Intern.*, 676 F.3d 294, 298 (2d Cir. 2012) (internal quotation marks and citation omitted). In order for a claim to be completely preempted by ERISA, the defendant must demonstrate not only that "the state law cause of action is preempted by ERISA [under § 514(a)]" but also that "th[e] cause of action is 'within the scope' of the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a)." *Plumbing Indus. Bd., Plumbing Local Union No. 1 v. E.W. Howell Co., Inc.*, 126 F.3d 61, 66 (2d Cir. 1997) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987)); *see also Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003) ("The fact that a state law claim is 'preempted' by ERISA – i.e., that it conflicts with benefit plans—does not, however, provide a basis for removing the claim to federal court. The only state law claims properly removable to federal

2

court are those that are 'completely preempted' by ERISA's civil enforcement provision, § 502(a)."); *Towne v. Nat'l Life of Vermont, Inc.*, 130 F. Supp. 2d 604, 608 (D. Vt. 2000) ("[T]he fact that a claim may ultimately be pre-empted by ERISA § 514(a) can *never* – standing alone – give federal courts removal jurisdiction over a case. At least one of the claims asserted by the plaintiff must be *completely* pre-empted under ERISA § 502(a) in order for removal to federal court to be proper."). The Supreme Court has clarified that an action is "within the scope" of § 502(a) "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions . . . ." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *see also Towne*, 130 F. Supp. 2d at 607 (noting that only "claims that can properly be characterized as seeking to recover benefits, enforce rights, or clarify rights to future benefits under a plan covered by ERISA are said to be 'completely preempted'" (citing *Metropolitan Life*, 481 U.S. at 62-67)).

Defendants argue that Plaintiff brought this action as a fiduciary pursuant to § 502(a)(3)(B), which provides that "a civil action may be brought . . . by a participant, beneficiary or fiduciary . . . to obtain appropriate equitable relief [to] . . . enforce any provisions of this title or the terms of the plan." The fact that a party is a fiduciary to a pension plan does not mean that it acted in its capacity as fiduciary in a specific dealing with the plan. Rather, employers "assume fiduciary status only when and to the extent that they function in their capacity as plan administrators, not when they conduct business that is not regulated by ERISA." *Bell v. Pfizer, Inc.*, 626 F.3d 66, 74 (2d Cir. 2010) (citation omitted); *see also Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1466 (4th Cir. 1996).

Here, the underlying action seeks reimbursement of expenses from Defendants related to the cost of providing benefits under the pension plan. Importantly, however, the Complaint indicates that the alleged harm suffered was "separate and apart from any injury to the Plan Beneficiaries, and it is for that harm it is attempting to recover." *Sonoco Prods. Co.*, 338 F.3d at 373. It is true that the *amount* of reimbursement sought by Plaintiff in this action will turn in part on calculations mandated by ERISA, because Plaintiff administers an ERISA plan. But it does not follow from that fact that Plaintiff is acting in its fiduciary capacity in asserting this claim. In fact, Plaintiff's duties to the plan beneficiaries will continue independently of whether it obtains the relief that it seeks in this action. Thus, as a legal matter, the complaint in this case is not brought in Plaintiff's capacity as a plan administrator.

Because Plaintiff seeks to vindicate a right independent of the pension plan, Plaintiff did not bring this claim in its fiduciary capacity. *Accord id.* at 374 (reversing district court's denial of motion to remand where "[t]he harm that [the employer] suffered is [] independent from any harm suffered by the Plan Beneficiaries. [The employer] is not asserting the breach of contract claim in its fiduciary capacity, but rather it is seeking to enforce its own rights under the Contract"); *Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355 (9th Cir. 1997) (employer's suit against third party for failure to reimburse employer for payments maid under the plan not completely preempted by ERISA); *Michigan Affiliated Healthcare Sys., Inc. v. CC Sys., Corp. of Michigan*, 139 F.3d 546, 550 (6th Cir. 1998) (no complete preemption where employer "proceed[s] [against third party administrator of employer's plan] on a breach of contract cause of action, not on behalf of the beneficiary"); *Atlantic Health Plan, Inc. v. Local 713, I.B.O.T.U.*, 258 F. Supp. 2d 284, 293 (S.D.N.Y. 2003) ("[T]he issue at the core of this litigation concerns the enforcement of a contractual relationship between a health care insurer, a

union, and an agent of the union assigned the duty of arranging for health care benefits for its members. At bottom, therefore, the ERISA plan in contention here serves only as a backdrop; it is in some respect just the context for an ordinary common law contract dispute among the parties.").[1]

Because this action was not brought "within the scope" of ERISA § 502(a), this Court lacks jurisdiction over this case under 28 U.S.C. § 1441(a).[2]

## II. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED, and this action is hereby REMANDED to the Supreme Court of the State of New York, County of New York.

The Clerk of the Court is directed to terminate Docket Entry 25 and to close the case.

SO ORDERED.

Dated: New York, New York
April 25, 2013

J. PAUL OETKEN
United States District Judge

---

[1] In its prior opinion, this Court concluded that Plaintiff brought this suit in its fiduciary capacity because the Agreements between Plaintiff and NYPH "affect the administration of pension payments to Plan participants . . . . Thus, because a breach of these Hospital Agreements affects the payments of the Pension Plan's participants, PHSI, in bringing the suit, was pursuing its fiduciary obligations to provide benefits for the plan's participants . . . ." *Phipps*, 2013 WL 311127, at *6. Upon reconsideration, for the reasons set forth above and in light of the authorities cited herein, the Court now holds that its previous conclusion on this issue was in error.

[2] As the Court has determined that it lacks jurisdiction over this case, it is unnecessary to reconsider whether this action "relates to" ERISA and is therefore preempted under § 514(a).